Eastern District of Kentucky
**FILED**

SEP 2 8 2006

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-316-JBT

LARRY JOHNSON,             PLAINTIFF

V.        **MEMORANDUM OPINION AND ORDER**

JOSEPH C. LUCAS, ET AL.,             DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \*
## I. INTRODUCTION

This action stems from plaintiff's arrest on or about November 3, 2004, and subsequent detention in the Three Forks Regional Jail in Beattyville, Kentucky, for a few days thereafter. Plaintiff brings this action, pursuant to 42 U.S.C. § 1983, against the following Kentucky State Police personnel, individually and in their official capacities: Joseph C. Lucas ("Lucas"), Wesley Blake Slone ("Slone"), Jonathan V. Allen ("Allen"), Captain Greg Gay, Major James Hook, Captain Steve Wright, Major Ronnie Sears, Captain Paul Hays, Captain Gary Piercey, Major Alicia Eddington; J. T. Brandenburg, individually and in his official capacity as Corporal, Three Forks Regional Jail; and Three Forks Regional Jail, alleging violations of his Fourth, Eighth, and Fourteenth Amendment rights. Plaintiff's claims against the arresting officers, Lucas, Slone, and Allen, are for excessive force, illegal search and seizure, cruel and unusual punishment in violation of his Fourth, Eighth, and Fourteenth Amendments. Plaintiff also asserts supplemental state law claims against Lucas, Slone, and Allen for false arrest and police misconduct, including assault and battery. Plaintiff claims that defendants Captain Greg Gay, Major James Hook, Captain Steve Wright, Major Ronnie Sears, Captain Paul Hays, Captain Gary Piercey, and Major Alicia Eddington were negligent in their failure to adequately train, supervise, and/or discipline Lucas, Slone, and Allen. Plaintiff's claims against defendant J.T. Brandenburg are for cruel and unusual punishment, in violation of the Eighth Amendment, and for violations of plaintiff's Fourteenth Amendment rights.

Plaintiff seeks compensatory damages against all named defendants, and plaintiff seeks punitive damages against all defendants except the Three Forks Regional Jail. Plaintiff also seeks his costs and attorney's fees.

This matter is before the court on the motion of defendant Major James Vanhook ("Vanhook") to dismiss plaintiff's claims against him for a variety of reasons, pursuant to Fed.R.Civ.P. 12(b). Plaintiff having filed a response to this motion, it is ripe for review.

## II. DEFENDANT VANHOOK'S MOTION TO DISMISS

Defendant Vanhook contends that plaintiff's claims against him should be dismissed for the following reasons: (1) plaintiff's complaint does not assert a claim against him since the complaint asserts a claim against a person identified as "James Hook" rather than a person identified as "James Vanhook;" (2) plaintiff's complaint against him is barred by Kentucky's one-year statute of limitations for claims asserted under 42 U.S.C. § 1983; and (3) plaintiff's complaint against him for supervisory liability and/or failure to train and/or discipline fails to state a claim against him for which relief may be granted since during the relevant period of time (November 3, 2004 to November 9, 2004), he was the Post Commander at the London Kentucky State Police Post and had no control over and no direct contact with the alleged tortfeasors, defendants Slone, Lucas, and Allen during the subject period.

In response, plaintiff submits defendant Vanhook's motion to dismiss is without merit and should be denied for a host of reasons.

### A.   Misidentification of defendant Vanhook as "James Hook"

Plaintiff's Amended and Supplemental Complaint tendered to the court on November 3, 2005, named "Major James Hook" as a defendant, asserting claims against him individually and in his official capacity as a Kentucky State Police Trooper. Summons was issued to a person identified as "Major James Hook."

In responding to defendant Vanhook's motion to dismiss, plaintiff acknowledges that the amended complaint mistakenly identifies Major James Vanhook as "Major James Hook." However,

plaintiff points out that in answering interrogatories plaintiff propounded to the original defendants, Slone, Lucas, and Allen, these original defendants identified the person now known to be Major James Vanhook as "Major James Hook;" therefore, the misidentification problem with Major James Vanhook can be traced to the original defendants.

Thus, it appears that in identifying additional defendants plaintiff proposed to assert claims against in his Amended and Supplemental Complaint, plaintiff relied on answers given to him by the original defendants in response to certain interrogatories. The original defendants erroneously identified Major James Vanhook as Major James Hook, and plaintiff relied on this erroneous information when preparing his amended compliant and serving summons to Major James Vanhook. Consequently, the court is unpersuaded by defendant Vanhook's argument that plaintiff's complaint against him should be dismissed because it asserts a claim against a person identified as "James Hook" rather than a person identified as "James Vanhook." The misidentification problem can be remedied; defendant Vanhook is already on notice of plaintiff's claims that were intended to be asserted against him. Plaintiff should not be penalized by having his claims against defendant Vanhook dismissed simply because of a misidentification error that was not the plaintiff's fault and is attributable to the original defendants.

**B.    Claims barred by Kentucky's one-year statute of limitations**

Defendant Vanhook also contends that plaintiff's complaint against him is barred by Kentucky's one-year statute of limitations for claims arising under 42 U.S.C. § 1983. *See* KRS 413.140(1)(a); *Owens v. Okure*, 488 U.S. 235 (1989); *Collard v. Kentucky Board of Nursing*, 896 F.2d 179 (6th Cir. 1990). As grounds for this argument, defendant Vanhook points out that plaintiff's cause of action filed pursuant to 42 U.S.C. § 1983 stems from events that occurred during the period of time from November 3, 2004 until November 9, 2004, that the one-year statute of limitations applicable to plaintiff's claims expired on November 3, 2005, that summons was not issued to him on plaintiff's Amended and Supplemental Complaint until July 11, 2006; and that he was served with process on July 12, 2006. Defendant Vanhook also contends that the claims asserted in

3

plaintiff's Amended and Supplemental Complaint can not be deemed to relate back to bring him under the umbrella of the original complaint, since it adds new parties, not just additional claims; therefore, plaintiff's claims against him are time-barred as they were filed against him subsequent to the expiration of the statute of limitations.

In response, plaintiff submits that defendant Vanhook's argument that the claims asserted against him in the Amended and Supplemental Complaint are time-barred is without merit because on November 3, 2005, the day the one-year statute of limitations expired, plaintiff moved for leave to amend his complaint and tendered the Amended and Supplemental Complaint to the court on November 3, 2005, at the time his motion for leave to amend was filed. Plaintiff acknowledges that the court did not grant his motion for leave to amend until November 22, 2005; however, plaintiff argues that the date the court ruled on the motion for leave to amend is not controlling, for purposes of determining whether plaintiff's Amended and Supplemental Complaint was timely filed, and that the date he provided the court with his Amended and Supplemental Complaint controls. Thus, plaintiff contends that since he filed his motion to amend on November 3, 2005, and tendered his Amended and Supplemental Complaint to the court at that time, the amended complaint is timely and that defendant Vanhook's motion to dismiss as time-barred should be denied.

The record reflects that plaintiff's motion to amend the complaint was filed on November 3, 2005, for the purpose of naming additional parties, and that plaintiff's motion to amend was accompanied by his Amended and Supplemental Complaint. See DE #27. Consequently, the court concludes that plaintiff's Amended and Supplemental Complaint was timely, being submitted to the court on November 3, 2005, the day the one-year statute of limitations expired. The record further reflects that plaintiff's motion to amend the complaint was not submitted by the Clerk to the court for consideration until November 21, 2005. The Clerk of the Court properly submitted plaintiff's motion to amend the complaint to the court after the time for the filing of any response to plaintiff's

4

motion to amend had expired.[1] Subsequent to the expiration of the time for responding, on November 22, 2005, the court granted plaintiff's motion to amend the complaint. The record reflects that the Order of November 22, 2005, directs that plaintiff's Amended and Supplemental Complaint be filed "as of the date of this Order." Order - DE #28. However, that Order should have stated that plaintiff's Amended and Supplemental Complaint be filed "as of the date of tender to the court, November 3, 2005."

For all of the foregoing reasons, the court concludes that defendant Vanhook's motion to dismiss for being time-barred is without merit.

C.    **Vanhook being Post Commander at London KSP Post on November 3, 2004**

Defendant Vanhook also asserts that plaintiff's complaint against him for supervisory liability and/or failure to train and/or discipline fails to state a claim against him for which relief may be granted since during the relevant period of time (November 3, 2004 to November 9, 2004), he was the Post Commander at the London Kentucky State Police Post and had no control over and no direct contact with the alleged tortfeasors, defendants Slone, Lucas, and Allen during the subject period. Essentially, Vanhook argues that while he is a former supervisor of defendants Slone, Lucas, and Allen, there is no authority to support a cause of action for supervisory liability against him as a former supervisor of the alleged tortfeasors. Defendant Vanhook also denies having knowledge of any allegations of police misconduct by defendants Slone, Lucas, and Allen.

In response, plaintiff contends that defendant Vanhook's motion to dismiss for failure to state a claim should be denied because in analyzing a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a court must accept as true all material allegations of the complaint as well as reasonable inferences drawn from the complaint and must construe those allegations in a light most favorable to the plaintiff. *Inge v Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002), citing *Turker v. Ohio Dept. of*

---

[1] LR 7.1(c) provides that a party has fifteen (15) days to file a response to a motion. Additionally, Fed.R.Civ.P. 6(e) provides a party an additional three (3) days to respond to a motion served by mail. Thus, eighteen (18) days after plaintiff's motion to amend the complaint was filed, the Clerk of the Court properly submitted that motion for the court's consideration.

*Rehab. and Corr.*, 157 F.3d 453, 456 (6th Cir. 1998), and *Harris v. American Postal Worker's Union*, 198 F.3d 245 (6th Cir. 1999). Plaintiff also points out that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2002).

A review of numerical paragraphs 17 and 19 of plaintiff's Amended and Supplemental Complaint is sufficient to resolve defendant's motion to dismiss for failure to state a claim. Numerical paragraphs 17 and 19 of the Amended and Supplemental Complaint state, as follows:

> 17. The Defendants Lucas and Allen had been employed by the Kentucky State Police for some period of time prior to their false arrest and assault of Plaintiff. Upon information and belief, during their tenure as troopers employed by the Kentucky State Police, Slone, Lucas and Allen have been accused of having used excessive force upon individuals of [sic] having falsely arrested civilians. These allegations have been made known to their supervisors, who were, at various times, the Defendants Gay, Hook, Wright, Sears, Hays, Piercey and Eddington, who either did not investigate the allegations or did not adequately discipline the wrongdoers. Such a custom, policy or practice on the part of these supervisor Defendants had the effect of sanctioning police misconduct and encouraging unconstitutional behavior like [sic] by Slone, Lucas and Allen like that visited upon Plaintiff.
>
> . . .
>
> 19. The actions of Slone, Lucas and Allen both before and after the arrest of Plaintiff constitute a history of widespread abuse which served to put their supervisors, Defendants Gay, Hook, Wright, Sears, Hays, Piercey and Eddington, on notice for the need to correct this misconduct, and they failed to do so. Plaintiff contends that this inaction on their part constitutes deliberate indifference to the rights of individuals and is therefore actionable under 42 U.S.C. § 1983. Further the Defendants Gay, Hook, Wright, Sears, Hays, Piercey and Eddington failed to either properly train or supervise Slone, Lucas and Allen, and this failure led to a belief on the part of Slone, Lucas and/or Allen that civil rights violations were condoned by their superiors.

Amended and Supplemental Complaint, pp. 7-8 [DE #29].

The court concludes that at this juncture, defendant Vanhook's motion to dismiss for failure to state a claim against him must denied. Plaintiff correctly points out that in considering a motion

6

to dismiss for failure to state a claim, a court must accept as true all material allegations of the complaint as well as reasonable inferences drawn from the complaint and must construe those allegations in a light most favorable to the plaintiff. Given that charge, the court cannot make a determination, at this point in the litigation, that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.[2]

Accordingly, **IT IS HEREBY ORDERED** that:

1. Numerical paragraph 2 of the Order of November 22, 2005, is **AMENDED** to state, as follows: "2. Plaintiff's "Amended and Supplemental Complaint," tendered to the court on November 3, 2005, **SHALL BE FILED** as of the date of the date of tender to the court, November 3, 2005."

2. The motion of defendant James Vanhook to dismiss plaintiff's claims asserted against him in the amended complaint because (a) plaintiff's complaint does not assert a claim against him since the complaint asserts a claim against a person identified as "James Hook" rather than a person identified as "James Vanhook;" (b) plaintiff's complaint against him is barred by Kentucky's one-year statute of limitations for claims asserted under 42 U.S.C. § 1983; and (c) plaintiff's complaint against him for supervisory liability and/or failure to train and/or discipline fails to state a claim against him for which relief may be granted [DE #53] is **DENIED**.

This 27th day of September, 2006.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE

---

[2] In passing, the court notes that defendant Vanhook's motion to dismiss for failure to state a claim presents additional factual information beyond that alleged in the complaint, such as the period of time when he supervised defendants Slone, Lucas, and Allen, the statement that he was not their supervisor on November 3, 2004, and had no knowledge of allegations of police misconduct having been committed by them. Even if true, this information was presented to the court in defendant Vanhook's motion to dismiss by way of argument of counsel and is unsupported by an affidavit or testimony from defendant Vanhook. Furthermore, any consideration of factual information outside the pleadings would convert defendant Vanhook's motion to dismiss to a motion for summary judgment; however, again there was no testimony or affidavit from Vanhook to support a motion for summary judgment.