Eastern District of Kentucky
**FILED**
SEP 2 8 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-316-JBT

LARRY JOHNSON,                                                                                                            PLAINTIFF

V.                         **MEMORANDUM OPINION AND ORDER**

JOSEPH C. LUCAS, ET AL.,                                                        DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

This action stems from plaintiff's arrest on or about November 3, 2004, and subsequent detention in the Three Forks Regional Jail in Beattyville, Kentucky, for a few days thereafter. Plaintiff brings this action, pursuant to 42 U.S.C. § 1983, against the following Kentucky State Police personnel, individually and in their official capacities: Joseph C. Lucas ("Lucas"), Wesley Blake Slone ("Slone"), Jonathan V. Allen ("Allen"), Captain Greg Gay, Major James Vanhook, Captain Steve Wright, Major Ronnie Sears, Captain Paul Hays, Captain Gary Piercey, Major Alicia Eddington; J. T. Brandenburg, individually and in his official capacity as Corporal, Three Forks Regional Jail; and Three Forks Regional Jail, alleging violations of his Fourth, Eighth, and Fourteenth Amendment rights. Plaintiff's claims against the arresting officers, Lucas, Slone, and Allen, are for excessive force, illegal search and seizure, cruel and unusual punishment in violation of his Fourth, Eighth, and Fourteenth Amendments. Plaintiff also asserts supplemental state law claims against Lucas, Slone, and Allen for false arrest and police misconduct, including assault and battery. Plaintiff claims that defendants Captain Greg Gay, Major James Vanhook, Captain Steve Wright, Major Ronnie Sears, Captain Paul Hays, Captain Gary Piercey, and Major Alicia Eddington were negligent in their failure to adequately train, supervise, and/or discipline Lucas, Slone, and Allen. Plaintiff's claims against defendant J.T. Brandenburg are for cruel and unusual punishment, in violation of the Eighth Amendment, and for violations of plaintiff's Fourteenth Amendment rights.

Plaintiff seeks compensatory damages against all named defendants, and plaintiff seeks punitive damages against all defendants except the Three Forks Regional Jail. Plaintiff also seeks his costs and attorney's fees.

This matter is before the court on the motion of defendants Captain Greg Gay, Major James Vanhook[1], Captain Steve Wright, Major Ronnie Sears, Captain Paul Hays, Captain Gary Peercy[2], and Major Alicia Eddington (hereafter collectively referred to as "Supervisory Defendants") to dismiss plaintiff's Amended and Supplemental Complaint against them due to plaintiff's failure to effect service of summons to them within the time permitted by Fed.R.Civ.P. 4(m). The Supervisory Defendants also assert that plaintiff's federal claims against them in their official capacities are barred by the Eleventh Amendment to the United States Constitution and that plaintiff's state law claims against them in their official capacities are barred by the doctrine of governmental immunity. The motion of the Supervisory Defendants to dismiss having been fully briefed, it is ripe for review.

## II. SUPERVISORY DEFENDANTS' MOTION TO DISMISS

Plaintiff's original complaint, filed on July 27, 2005, named as defendants the following Kentucky State Police personnel, individually and in their official capacities: Joseph C. Lucas ("Lucas"), Wesley Blake Slone ("Slone"), Jonathan V. Allen ("Allen"). The original complaint also named J. T. Brandenburg, individually and in his official capacity as Corporal, Three Forks Regional Jail, and Three Forks Regional Jail as defendants.

Subsequently, on November 3, 2005, plaintiff moved to amend the complaint for the purpose of naming the Supervisory Defendants as additional parties; plaintiff's motion to amend was accompanied by his Amended and Supplemental Complaint. See DE #27. In the Amended and

---

[1] Defendant James Vanhook joined in this motion to dismiss on August 4, 2006, subsequent to its being filed by the remaining moving defendants on July 28, 2006. See DE #61.

[2] Defendant Captain Gary Peercy was identified in plaintiff's Amended and Supplemental Complaint as Captain Gary Piercey. The court presumes that the correct spelling of movant/defendant's name is Gary Peercy, since defendant himself identified himself as Gary Peercy, rather than Gary Piercey.

2

Supplemental Complaint, plaintiff asserted that the Supervisory Defendants were negligent in their failure to adequately train, supervise, and/or discipline Lucas, Slone, and Allen. Plaintiff's motion to amend the complaint was granted on November 22, 2005.

While plaintiff's motion to amend the complaint was granted on November 22, 2005, the record reflects that summons was not issued to the Supervisory Defendants until July 11, 2006.[3] See DE #45. The Supervisory Defendants contend that the claims asserted against them in plaintiff's Amended and Supplemental Complaint must be dismissed due to plaintiff's failure to issue summons to them within 120 days of the filing of the Amended and Supplemental Complaint, as dictated by Fed.R.Civ.P. 4(m).

In response to the motion to dismiss, plaintiff acknowledges that service of summons to the Supervisory Defendants was untimely; however, plaintiff submits that untimely service of summons does not result in automatic dismissal and that since the Supervisory Defendants did not move to dismiss and assert the defense of untimely service prior to issuance of summons on July 11, 2006, they have waived the defense of untimely service. Plaintiff also asserts that he has shown good cause for the delay in serving summons to the Supervisory Defendants within 120 days from the filing of the Amended and Supplemental Complaint; therefore, the Supervisory Defendants' motion to dismiss for failure to effect service in compliance with Fed.R.Civ.P. 4(m) should be denied.

### Discussion/Analysis

The basis for the Supervisory Defendants' motion to dismiss, Fed.R.Civ.P. 4(m), provides, in pertinent part, as follows:

> **(m) Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. . . .

---

[3] There has been no return of executed summons in respect to defendants Gary Peercy and Paul Hays; thus, it is unclear whether they were ever served with process.

Fed.R.Civ.P. 4(m).

In this case it is undisputed that summons was not issued to the Supervisory Defendants in compliance with Fed.R.Civ.P. 4(m). The record reflects that plaintiff's motion to amend the complaint was granted on November 22, 2005; however, summons was not issued to the Supervisory Defendants until July 11, 2006, 231 days after the granting of plaintiff's motion to amend and the filing of plaintiff's Amended and Supplemental Complaint.

Thus, the court must now determine whether plaintiff has established good cause for his failure to issue summons within 120 days from the filing of the Amended and Supplemental Complaint. Plaintiff asserts that the reason for the delay in issuing summons to the Supervisory Defendants was that he first needed to take discovery, presumably from the Kentucky State Police and from the original defendants, Slone, Lucas, and Allen, concerning who the supervisors of Slone, Lucas, and Allen were, prior to issuing summons to any of the named Supervisory Defendants; therefore, he had good cause for the delay in issuing summons to the Supervisory Defendants.

Although plaintiff argues that he needed to take discovery to learn the identity of the supervisors of the original defendants, this argument ignores the fact that plaintiff's Amended and Supplemental Complaint, which was tendered to the court on November 3, 2005, actually named the Supervisory Defendants (Hays, Wright, Gay, Sears, Hook, Eddington, and Piercey) as new defendants to this action. Thus, plaintiff's argument that he needed to take discovery in order to establish whether summons should be issued to all seven of the named supervisors who were named as Supervisory Defendants in the Amended and Supplemental Complaint implies that he employed a "shot gun" approach when amending his complaint in that he first named numerous KSP supervisors as defendants without knowing at that time whether these named defendants had ever supervised the original defendants and whether any allegations of police misconduct by the original defendants had ever come to the attention of the Supervising Defendants during the time they had supervised the original defendants.

4

Notwithstanding plaintiff's argument that he needed to take discovery prior to issuing summons to the Supervisory Defendants, the record is barren of any evidence that plaintiff conducted any discovery relative to the Supervisory Defendants within 120 days of November 22, 2005, the date plaintiff's motion to amend the complaint was granted and the date his Amended and Supplemental Complaint was filed.[4] The record does reflect that on March 29, 2006, plaintiff moved for an extension of the discovery deadline and that on June 19, 2006, plaintiff moved to compel discovery from the Kentucky State Police, concerning a Notice of Records Deposition which he served to the Kentucky State Police on April 14, 2006, which was subsequent to the expiration of the 120-day period in which Fed.R.Civ.P. 4(m) provides summons must be issued. In this case, the 120-day period expired on or about March 22, 2006, and there is no evidence that plaintiff took any discovery relative to the determining whether summons should be issued to any or all of the named Supervisory Defendants during this 120-day period of time.

Consequently, for all of the foregoing reasons, the court concludes that plaintiff has not shown good cause for the delay in issuing summons to the Supervisory Defendants. This decision is consistent with the Sixth Circuit's decision in *Turner v. City of Taylor*, 412 F.3d 629 (6th Cir. 2005), wherein the Sixth Circuit affirmed a similar decision made by the trial court. The rationale of the Sixth Circuit's decision in *Turner* is set out below:

> . . . Because Plaintiff moved to reissue the summonses for Defendants Yesta, Crapanzano, Caldwell, and O'Connor more than 120 days after the filing of his complaint, he must show that his failure to act was the result of excusable neglect. *See* FED. R. CIV. P. 6(b) ("When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ...upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect[.]").
>
> "[T]he excusable neglect standard has consistently been held to be strict, and can be met only in extraordinary cases." *Marsh v. Richardson,* 873 F.2d 129, 130 (6th Cir.1989) (internal quotation omitted) (interpreting "excusable neglect" in the context of Federal Rule of Appellate Procedure 4(a)(5)).

---

[4] By Order dated September 27, 2006, which was filed with the Clerk on September 28, 2006, the date of the filing of plaintiff's Amended and Supplemental Complaint was amended to November 3, 2005, the date it was tendered to the Clerk of the Court.

5

>    The movant first must demonstrate that his failure to meet the deadline was a case of neglect. Neglect exists where the failure to do something occurred because of a simple, faultless omission to act, or because of a party's carelessness. *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74, (1993); *id.* at 391, 395, 113 S.Ct. 1489 (defining excusable neglect as used in FED. R. BANKR. P. 9006(b)(1) and noting it was patterned after FED. R. CIV. P. 6(b)). Second, the movant must establish that the failure to act was excusable. "The determination of whether a case of neglect was excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include ... the danger of prejudice to the [non-moving party], the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395, 113 S.Ct. 1489.
>
>    Plaintiff has not demonstrated that the magistrate judge abused his discretion in failing to find excusable neglect for Plaintiff's failure to serve the additional Defendants in a timely manner. Plaintiff points out that defense counsel had accepted service of the First Amended Complaint for Defendants Canning and Zachary, who were current employees, but refused to accept for Defendant Tapp, who was retired. Based on this one-time action, Plaintiff assumed that defense counsel's practice was to accept service of all future amended complaints on behalf of employees currently employed by the City of Taylor Police Department. After he filed his Second Amended Complaint and served defense counsel, Plaintiff never confirmed orally or in writing that defense counsel had accepted service on behalf of the newly named Defendants.
>
>    Plaintiff's conduct was inexcusable. The 120 day rule is explicit, and defense counsel did nothing to convey a "practice" of accepting service on behalf of newly-named Defendants. Moreover, because Plaintiff purported to sue the newly named Defendants in their individual capacities, Plaintiff knew or should have known that defense counsel was not presumptively authorized to accept service on their behalf. It therefore was incumbent on Plaintiff to serve the newly named Defendants personally or, at a minimum, to seek confirmation from defense counsel about whether he had accepted service on their behalf. He failed to do either, and therefore there is no basis to hold that the magistrate judge abused his discretion in denying Plaintiffs' motion to reissue the summonses. If the magistrate judge was compelled to grant the motion to reissue the summonses in these circumstances, then it is unclear how the 120 day service rule ever could be enforced.

*Turner*, 412 F.3d at 650-51.

The case on which plaintiff relies in support of his showing of good cause, *United States v. Glucklick*, 801 F.2d 834 (6th Cir. 1986), is factually distinguishable from the present action.

Having concluded that plaintiff has not shown good cause for his failure to issue summons within 120 days from November 22, 2005, the court concludes that the motion of the Supervisory

Defendants to dismiss has merit.[5] For this reason, the court need not address the Supervisory Defendants' argument that plaintiff's federal claims against them in their official capacities are barred by the Eleventh Amendment to the United States Constitution and that plaintiff's state law claims against them in their official capacities are barred by the doctrine of governmental immunity.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The motion of the Supervisory Defendants (Captain Greg Gay, Major James Vanhook, Captain Steve Wright, Major Ronnie Sears, Captain Paul Hays, Captain Gary Piercey, and Major Alicia Eddington) to dismiss plaintiff's claims against them for failure to issue summons to them in compliance with Fed.R.Civ.P. 4(m) [DE #56, 61] is **GRANTED**.

2. The claims asserted against the Supervisory Defendants in plaintiff's Amended and Supplemental Complaint are **DISMISSED**.

This 28th day of September, 2006.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE

---

[5] The fact that plaintiff's claims against the Supervisory Defendants will be time-barred if dismissed at this juncture does not constitute good cause for plaintiff's failure to issue summons in compliance with Fed.R.Civ.P. 4(m). *See T & S Rentals v. United States*, 164 F.R.D. 422, 426 (N.D. W. Va. 1996) (dismissing action under Rule 4 where summons was served on the 121st day under circumstances where action would be time-barred if re-filed).