Eastern District of Kentucky
FILED
SEP 29 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-316-JBT

LARRY JOHNSON,                                                                       PLAINTIFF

V.                          **MEMORANDUM OPINION AND ORDER**

JOSEPH C. LUCAS, ET AL.,                                                            DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

This action stems from plaintiff's arrest on or about November 3, 2004, and subsequent detention in the Three Forks Regional Jail in Beattyville, Kentucky, for a few days thereafter. Plaintiff brings this action, pursuant to 42 U.S.C. § 1983, against the following Kentucky State Police personnel, individually and in their official capacities: Joseph C. Lucas ("Lucas"), Wesley Blake Slone ("Slone"), and Jonathan V. Allen ("Allen"); J. T. Brandenburg, individually and in his official capacity as Corporal, Three Forks Regional Jail; and Three Forks Regional Jail, alleging violations of his Fourth, Eighth, and Fourteenth Amendment rights.[1]

Plaintiff's claims against the arresting officers, Lucas, Slone, and Allen, are for excessive force, illegal search and seizure, cruel and unusual punishment in violation of his Fourth, Eighth, and Fourteenth Amendments. Plaintiff also asserts supplemental state law claims against Lucas, Slone, and Allen for false arrest and police misconduct, including assault and battery. Plaintiff's claims against defendant J.T. Brandenburg are for cruel and unusual punishment, in violation of the Eighth Amendment, and for violations of plaintiff's Fourteenth Amendment rights.

---

[1] Plaintiff also moved to amend his complaint on November 3, 2005, to assert claims of supervisory liability against Captain Greg Gay, Major James Vanhook, Captain Steve Wright, Major Ronnie Sears, Captain Paul Hays, Captain Gary Piercey, Major Alicia Eddington. The motion to amend was granted on November 22, 2005. However, in a Memorandum Opinion and Order entered on September 28, 2006, plaintiff's claims against Captain Greg Gay, Major James Vanhook, Captain Steve Wright, Major Ronnie Sears, Captain Paul Hays, Captain Gary Piercey, Major Alicia Eddington were dismissed due to plaintiff's failure to serve said defendants with summons in compliance with Fed.R.Civ.P. 4(m). See DE #80.

Plaintiff seeks compensatory damages against all named defendants, and plaintiff seeks punitive damages against all defendants except the Three Forks Regional Jail. Plaintiff also seeks his costs and attorney's fees.

This matter is before the court on plaintiff's motion for leave to file a Second Amended and Supplemental Complaint for the purpose of asserting claims of supervisory liability against two new defendants plaintiff proposes to add to this action: Patrick N. Simpson and Mark Miller, former Commissioners of the Kentucky State Police. Plaintiff's motion to amend having been fully briefed, it is ripe for review.

## II. PLAINTIFF'S SECOND MOTION TO AMEND COMPLAINT

On August 30, 2006, plaintiff moved for leave to file a Second Amended and Supplemental Complaint to name Patrick N. Simpson and Mark Miller, former Commissioners of the Kentucky State Police, as additional defendants herein on plaintiff's claims of supervisory liability concerning allegations of misconduct by Trooper Allen. As grounds for this motion to amend, plaintiff states that it was not until the deposition of Lt. Mark Merriman on August 16, 2006, that he learned that Simpson and Miller were responsible for the disciplining of defendants Slone, Lucas, and Allen, and that prior to that time, he was laboring under inaccurate information provided to him by defendants Slone, Lucas, and Allen, in answers to his interrogatories requesting the names of their KSP supervisors.[2] Based on the information defendants Slone, Lucas, and Allen provided to plaintiff in answering his interrogatories, on November 3, 2005, plaintiff moved for leave to amend his complaint to assert claims of supervisory liability against the KSP personnel identified in defendants' answers to his interrogatories.[3] Plaintiff now says that it was not until August 16, 2006, that

---

[2] Plaintiff states that in his First Set of Interrogatories served to defendants Slone, Lucas, and Allen on September 23, 2005, he requested the names of their supervisors and that on October 20, 2005, those defendants answered that question by identifying Gay, Vanhook, Wright, Sears, Hays, Piercey, and Addington as their KSP supervisors.

[3] Plaintiff's motion for leave to amend the complaint was granted on November 22, 2005.

Simpson and Miller were KSP supervisors against whom he is also entitled to assert claims of supervisory liability regarding defendants Slone, Lucas, and Allen.

Plaintiff acknowledges that his present motion for leave to amend the complaint is untimely; however, plaintiff argues that he has shown good cause for the delay in that he did not learn that Simpson and Miller were supervisory KSP personnel over defendants Slone, Lucas, and Allen until August 16, 2006.

In response, defendants Slone, Lucas, and Allen object to plaintiff's motion for leave to file a Second Amended and Supplemental Complaint, arguing that (1) contrary to plaintiff's assertion, their interrogatory answer concerning the identity of their KSP supervisors was not misleading (*i.e.*, they answered the question that was asked), (2) plaintiff has not exercised due diligence in making the determination that former KSP Commissioners Mark Miller or Patrick Simpson had supervisory disciplinary authority, (3) they would be unduly prejudiced by the untimely amendment of the complaint at this stage of the litigation, and (4) the amendment of the complaint would be futile. For all of these reasons, defendants Slone, Lucas, and Allen submit that plaintiff's second motion for leave to amend the complaint should be denied.

## Applicable Law

The amendment of pleadings is governed by Fed.R.Civ.P. 15. Subpart (a) thereof provides, in general terms, that after a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). However, leave to amend "is by no means automatic." *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979). The "liberality of Rule 15(a) does not mean that amendment will be allowed regardless of the diligence of the moving party. Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir. 1982), *vacated on other grounds by County of Los Angeles v. Jordan*, 459 U.S. 810 (1982).

"Amendment of a complaint may be denied for a wide variety of reasons, including undue delay, bad faith, undue prejudice to opposing party, or futility." *Stephenson v. Dow Chem. Co. (In Re Agent Orange Prod. Liab. Litig.)*, 220 F.R.D. 22, 24 (E.D. N.Y. 2004). A district court's decision to grant or deny a motion for leave to file an amended pleading is within the sound discretion of the district court. *Guise v. BWM Mortg.*, 377 F.3d 795, 801 (7th Cir. 2004). The district court's decision to grant or deny leave to amend "is reviewable only for an abuse of discretion." *Izaak Walton League v. St. Clair*, 497 F.2d 849, 854 (8th Cir. 1974).

## Discussion/Analysis

**A.   Information provided in defendants' answers to plaintiff's Interrogatories**

Plaintiff's Interrogatory No. 1 served to defendants Slone, Lucas, and Allen on September 23, 2005, asked the following question:

> 1. Please identify by name and address the individual employed by the Kentucky State Police who has had the responsibility for disciplining you for any infractions or other wrongful conduct for the preceding five year period. If more than one person has served such a function, please provide all such names and addresses.

In answering the foregoing interrogatory, defendants provided plaintiff with the following names: Captain Greg Gay, Major James Vanhook, Captain Steve Wright, Major Ronnie Sears, Captain Paul Hays, Captain Gary Piercey, Major Alicia Eddington. Based on this information, on November 3, 2005, plaintiff moved for leave to amend his complaint.

Defendants advise that their answer to Interrogatory No. 1 included a list of post commanders, past and present, active and retired, for each State Police Post where defendants Slone, Lucas, and Allen had been stationed during the preceding five-year period, as requested by that interrogatory. Defendants also advise that at no time were they questioned about the role of a Kentucky State Police Commissioner, other than to discuss receipt of accolades for service in the form of "commissioner's letters" and "thank you letters sent by the commissioner or governor." Defendants further advise that they were never questioned as to who had proper supervisory responsibility over them. For all of these reasons, defendants submit that plaintiff did not exercise

due diligence, through discovery or otherwise, in determining what role, if any, a Kentucky State Police Commissioner had with respect to supervising or disciplining them; therefore, plaintiff's second motion to amend the complaint should be denied.

Based on plaintiff's Interrogatory No. 1 and defendants' answer thereto, the court concludes that the defendants answered the question that was asked by providing plaintiff with a list of KSP personnel who supervised them during the course of the past five years. This interrogatory did not ask whether any KSP Commissioner had any knowledge of or played a role in any disciplinary action taken against them during the past five years. Consequently, the court is unpersuaded by plaintiff's argument that he was misled by defendants' erroneous or incomplete answer to this interrogatory and that such "misinformation" on which relied should be a basis for permitting him to amend his complaint.

**B.     Plaintiff's due diligence**

The court also concludes that plaintiff did not exercise due diligence in making the determination that former KSP Commissioners Mark Miller or Patrick Simpson had supervisory disciplinary authority over defendants Slone, Lucas, and Allen. This conclusion is supported by the fact that the information concerning the authority and responsibility of the KSP Commissioner may be readily obtained from the Kentucky State Police website, www.kentuckystatepolice.org. Additionally, the publicly accessible website for the Kentucky Legislative Research Commission, www.lrc.ky.gov/krs/titles.him, and Kentucky Revised Statute ("KRS") 16.140, Discipline and Removal of Officers - Grounds and Procedure, provides the statutory framework for the KSP Commissioner's authority to discipline a KSP Trooper. Thus, the statutory scheme by which the Kentucky State Police operates is codified and was easily accessible to the plaintiff, who is on statutory notice of the relevant statutes and regulations concerning the authority and responsibility of a KSP Commissioner.

Plaintiff's due diligence argument falls on deaf ears.

### C. Futility of amendment

As a general rule, leave to amend is liberally granted, except when the amendment would be futile. Frank v. D'Ambrosi, 4 F.3d 1378, 1386 (6th Cir. 1993); Newell v. Brown, 981 F.2d 880 (6th Cir. 1992). See also Foman v. Davis, 371 U.S. 178 (1982).

In this case, the court concludes that plaintiff's proposed amendment of the complaint for the purpose of adding former KSP Commissioners Mark Miller and Patrick Simpson as additional defendants to this action on plaintiff's claims of supervisory liability would be barred by Kentucky's one-year statute of limitations for claims arising under 42 U.S.C. § 1983. *See* KRS 413.140(1)(a); *Owens v. Okure*, 488 U.S. 235 (1989); *Collard v. Kentucky Board of Nursing*, 896 F.2d 179 (6th Cir. 1990). This conclusion is based on the fact that plaintiff's cause of action filed pursuant to 42 U.S.C. § 1983 stems from events that occurred during the period of time from November 3, 2004 until November 9, 2004; therefore, the one-year statute of limitations applicable to plaintiff's claims expired on November 3, 2005. Thus, to be timely, plaintiff was required to assert claims against former KSP Commissioners Mark Miller and Patrick Stanley no later than November 3, 2005.

Consequently, permitting plaintiff to amend his complaint for the purpose of asserting claims of supervisory liability against former KSP Commissioners Mark Miller and Patrick Stanley would, at this juncture, be an exercise in futility, as such claims are time-barred.

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's motion for leave to file a Second Amended and Supplemental Complaint [DE #70] is **DENIED**.

This 29th day of September, 2006.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE