UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED
DEC 0 1 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-316-JBT

LARRY JOHNSON,                                                                                                PLAINTIFF

V.                     **MEMORANDUM OPINION AND ORDER**

JOSEPH C. LUCAS, ET AL.,                                                           DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \*
## I. INTRODUCTION

This action stems from plaintiff's arrest on or about November 3, 2004, and subsequent detention in the Three Forks Regional Jail in Beattyville, Kentucky, for a few days thereafter. Plaintiff brings this action, pursuant to 42 U.S.C. § 1983, against the following Kentucky State Police personnel, individually and in their official capacities: Joseph C. Lucas ("Lucas"), Wesley Blake Slone ("Slone"), Jonathan V. Allen ("Allen"), Captain Greg Gay, Major James VanHook, Captain Steve Wright, Major Ronnie Sears, Captain Paul Hays, Captain Gary Piercey, Major Alicia Eddington; J. T. Brandenburg, individually and in his official capacity as Corporal, Three Forks Regional Jail; and Three Forks Regional Jail, alleging violations of his Fourth, Eighth, and Fourteenth Amendment rights. Plaintiff's claims against the arresting officers, Lucas, Slone, and Allen, are for excessive force, illegal search and seizure, cruel and unusual punishment in violation of his Fourth, Eighth, and Fourteenth Amendments. Plaintiff also asserts supplemental state law claims against Lucas, Slone, and Allen for false arrest and police misconduct, including assault and battery. Plaintiff claims that defendants Captain Greg Gay, Major James VanHook, Captain Steve Wright, Major Ronnie Sears, Captain Paul Hays, Captain Gary Piercey, and Major Alicia Eddington were negligent in their failure to adequately train, supervise, and/or discipline Lucas, Slone, and Allen.[1] Plaintiff's

---

[1] On September 28, 2006, plaintiff's claims against defendants Captain Greg Gay, Major James Vanhook, Captain Steve Wright, Major Ronnie Sears, Captain Paul Hays, Captain Gary Piercey, and Major Alicia Eddington were dismissed. See DE #80.

claims against defendant J.T. Brandenburg are for cruel and unusual punishment, in violation of the Eighth Amendment, and for violations of plaintiff's Fourteenth Amendment rights.

Plaintiff seeks compensatory damages against all named defendants, and plaintiff seeks punitive damages against all defendants except the Three Forks Regional Jail. Plaintiff also seeks his costs and attorney's fees.

This matter is before the court on plaintiff's motion to dismiss his federal claims alleging violations of the Fourth, Eighth, and Fourteenth Amendments, with prejudice, pursuant to Fed.R.Civ.P. 41(a)(2), and to dismiss his supplemental state law claims for assault and battery, false imprisonment, and arbitrary action in violation of the Kentucky Constitution, without prejudice, pursuant to 28 U.S.C. § 1367(c). Defendants have filed a response to plaintiff's motion to dismiss, and plaintiff has filed a reply thereto; thus, this matter is ripe for review.

## II. PLAINTIFF'S MOTION TO DISMISS

Plaintiff's motion to dismiss his federal claims with prejudice and to dismiss his supplemental state law claims without prejudice is based on developments that have occurred during the pendency of this action. Plaintiff has provided the court with the following summary of these developments:

> On or about November 3, 2004, the plaintiff was arrested by defendants Slone and Allen and charged with assault third degree, a class D felony, as well as resisting arrest and carrying a concealed deadly weapon. The grand jury of Lee County failed to indict plaintiff on the charges of resisting arrest and carrying a concealed deadly weapon, but did return an indictment on the felony assault charge. This charge is punishable by a sentence of one to five years in the state prison. By recent order, the Lee Circuit Court dismissed the remaining felony assault charge, finding specifically that the arresting officers, defendants Slone and Allen, did not have probable cause to enter the home where plaintiff was sleeping, thereby negating the charges stemming from the illegal entry. The Commonwealth has appealed the dismissal of the charges against the plaintiff.

> The plaintiff has now filed malicious prosecution claims pursuant to state law against the arresting officers, defendants Slone and Allen, against defendant Lucas, and against the supervisors of these State Police troopers. In addition, the plaintiff has re-filed his assault and battery, false imprisonment, and arbitrary action claims in the same state court proceeding. A true copy of the state court Complaint is attached hereto and incorporated herein by reference thereto as if fully set out, as Exhibit A. The malicious prosecution claims may only succeed if the underlying charges brought against the plaintiff are dismissed or resolved in plaintiff's favor. It is likely that the state court will hold the malicious prosecution claims in abeyance pending a decision

on the Commonwealth's appeal of the dismissal of the underlying criminal charges, since the dismissal is not yet final.

<u>Plaintiff's Memorandum of Law in Support of His Motion to Dismiss</u>, pp. 1-2 [DE #89].

Thus, it appears that the Lee County grand jury's decision not to indict plaintiff on charges of resisting arrest and carrying a concealed deadly weapon, combined with the recent decision of the Lee Circuit Court to dismiss the felony assault charge against plaintiff, based on the court's finding that defendants Slone and Allen did not have probable cause to enter plaintiff's residence on November 3, 2004, and arrest him, precipitated the filing of plaintiff's complaint in Madison Circuit Court. In Count I of that complaint, plaintiff asserts claims of assault and battery, false arrest, and arbitrary action under state law against defendants Lucas, Slone, and Allen; in Count II of that complaint, plaintiff asserts that the actions of Allen and/or Lucas and/or Slone leading to the institution of the criminal charges against him in Lee Circuit Court constitute malicious prosecution; and in Count III of that complaint, plaintiff asserts claims of intentional infliction of emotional distress against defendants Lucas, Slone, and Allen. Additionally, in each of the three counts of that complaint, plaintiff asserts that Ishmon Burks, Patrick N. Simpson, and Mark Miller either willfully or negligently failed to investigate allegations of misconduct by Allen or to supervise and discipline Allen, which encouraged tortious actions by Allen and/or Lucas and/or Slone.

Thus, it appears that Counts I and III of the complaint plaintiff recently filed in Madison Circuit Court contain the same "supplemental state law claims" plaintiff asserted in his federal action filed pursuant to 42 U.S.C. § 1983.

As grounds for plaintiff's motion to dismiss, plaintiff advises that in view of the foregoing series of events noted above that have occurred subsequent to the filing of the present action, he has decided to forego further prosecution of his federal claims and to pursue all of his state law claims in state court.

Defendants Allen, Lucas, and Slone have objected to plaintiff's motion to dismiss plaintiff's federal claims with prejudice and to dismiss his supplemental state law claims without prejudice,

asserting that they have spent a great deal of time and expense preparing for trial,[2] that plaintiff had not been diligent in prosecuting this action, that plaintiff waited until the pre-trial filings were due before he filed this motion to delay the trial of this action, and that plaintiff's explanation as to why wants to voluntarily dismiss this action at this late date is deficient.[3] In lieu of dismissal of this action, defendants suggest that if plaintiff believes he now has a viable malicious prosecution claim to pursue, he could move for leave to amend the present action for the purpose of adding another state law claim to the present action.

In reply to defendants' objection to his motion to dismiss, plaintiff states:

> ... Since the filing of the original complaint in this matter a new cause of action has accrued to plaintiff directly arising out of the actions of these defendants: a state law claim for malicious prosecution which only came into being on September 20, 2006, when the state court indictment was dismissed by the Honorable William Trude, Jr., Judge, Lee Circuit Court. As stated in the memorandum accompanying this motion, for the sake of judicial economy, plaintiff now desires to pursue this claim and his other state law claims in the Circuit Court for Madison County, where a complaint has already been filed.

Reply Memorandum in Support of Motion to Dismiss Pursuant to FRCP 41(a)(2) and 28 U.S.C.A. Section 1367(c), p. 1 - [DE #98].

**Analysis**

At this stage of the litigation, plaintiff cannot voluntarily elect to dismiss his claims under Fed.R.Civ.P. 41(a)(1); instead, any voluntary dismissal must be made in accordance with Fed.R.Civ.P. 41(a)(2), which provides, in relevant part, that "an action shall not be dismissed at the plaintiff's insistence save upon order of the court and upon such terms and conditions as the court deems proper." Fed.R.Civ.P. 41(a)(2).

---

[2] At the time plaintiff moved to dismiss, this action was scheduled for a pretrial conference on November 21, 2006, and for trial on December 5, 2005. However, by Order of November 17, 2006, the pretrial conference and trial were continued pending the full briefing of and the court's consideration of plaintiff's motion to dismiss.

[3] Defendants J.T. Brandenburg and Three Forks Regional Jail have not opposed plaintiff's motion to dismiss his supplemental state law claims without prejudice so that they may be pursued in state court.

The decision to dismiss an action under Rule 41(a)(2) is within the sound discretion of the court. *Banque de Depots v. National Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974). In exercising that discretion, the trial court should consider whether the defendant would suffer "plain legal prejudice" as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit. *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947). In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.

In reviewing these factors, plaintiff points out that the discovery that has been taken in this action by the defendants would not be wasted, as his responses to defendants' discovery requests and the depositions defendants have taken of plaintiff's witnesses can be used in the state court litigation. Plaintiff also points out that if defendants have gone to great lengths in preparing this matter for trial, then they will be well served by these efforts when the matter is tried in state court.

In considering this matter, the court concludes that plaintiff's motion to dismiss rises or falls on whether the defendants will suffer "plain legal prejudice" as discussed in *Cone, supra*. The court concludes that the defendants will not incur "plain legal prejudice" by the dismissal of this action on the terms plaintiff proposes. In fact, defendants will benefit by the dismissal of this action in federal court because if this action is dismissed on plaintiff's terms, defendants will no longer have to defend against plaintiff's federal claims filed pursuant 42 U.S.C. § 1983, and will not have to contend with the prospect of plaintiff's being awarded his attorney's fees under 42 U.S.C. § 1983, should plaintiff prevail at trial on his federal claims. As to plaintiff's state supplemental claims, which he proposes be dismissed without prejudice, so that he may reassert those claims in state court, defendants will not be prejudiced by the "change of venue" of those state supplemental claims, as defendants will simply be defending those claims in state court rather than in federal court.

5

The court is unpersuaded by defendants' argument that rather than dismissing this action, plaintiff could seek leave to amend his complaint in this action for the purpose of adding his state law claim of malicious prosecution, so that all claims could be resolved in one forum. Since both the time for amending pleadings and the discovery deadline has expired, if plaintiff were to file said motion, and if said motion were granted, it would then be necessary to enter an Amended Scheduling Order so that discovery could be taken on plaintiff's claim of malicious prosecution. However, since plaintiff's claim of malicious prosecution has already been filed in state court, and since the discovery taken herein can be utilized in the state court action, the court is inclined to grant plaintiff's motion to dismiss. To reiterate, the dismissal of plaintiff's federal claims with prejudice is of benefit to the defendants, as they have fewer claims to defend against and do not have to contend with the possibility of an award of plaintiff's attorney's fees against them.

In a nutshell, defendants will not suffer any "plain legal prejudice" by the dismissal of this action, and judicial economy will be served by having all of plaintiff's state law claims tried in one case in state court.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to dismiss his federal claims alleging violations of the Fourth, Eighth, and Fourteenth Amendments, with prejudice, pursuant to Fed.R.Civ.P. 41(a)(2), and to dismiss his supplemental state law claims for assault and battery, false imprisonment, and arbitrary action in violation of the Kentucky Constitution, without prejudice, pursuant to 28 U.S.C. § 1367(c) [DE #89] is **GRANTED**.

2. Plaintiff's federal claims alleging violations of the Fourth, Eighth, and Fourteenth Amendments, with prejudice, pursuant to Fed.R.Civ.P. 41(a)(2), are **DISMISSED WITH PREJUDICE**.

3. Plaintiff's supplemental state law claims for assault and battery, false imprisonment, and arbitrary action in violation of the Kentucky Constitution are **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1367(c).

4. All issues having been resolved, this action is **DISMISSED** and **STRICKEN** from the docket.

This __1ST__ day of December, 2006.

_____
JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE